UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

SADEK LAW OFFICE
701 East Gate Dr., Ste 129
Mt. Laurel, NJ 08054
(856) 890-9003; Fax (215) 545-0611
Attorney(s) for Debtor(s)

| | | |
|---|---|---|
| In re: | : | IN BANKRUPTCY |
| | : | CHAPTER 13 |
| US Bankruptcy Court | : | |
| v. | : | CASE NO. 24-00111 |
| Jeanie Wiesner | : | |
| Debtor(s) | : | HEARING: September 10, 2024 |
| | : | ORAL ARGUMENT WAIVED |

RESPONSE TO ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD
NOT BE IMPOSED FOR FAILURE TO PROPERLY FILE LIST OF CREDITORS

I, Jeanie D. Wiesner, Esq., of full age, hereby certifies as follows:

1. I am an associate attorney employed by Sadek Law Offices, LLC. The home office of the firm is located at 1500 JFK Blvd., Philadelphia, PA. My area of practice with the firm is consumer bankruptcy for our New Jersey office location in Mt. Laurel, New Jersey. Both offices are fully staffed with attorneys and support staff on a full-time basis.

2. Sadek Law Offices uses the software known as Best Case by Stretto for the purpose of preparing and filing Bankruptcy Petitions. The original windows-based version of the software was set up through a previously retained IT company who has since been replaced by the firm. The software operated by being accessed through a local server computer and all additional users of the software connect through that computer. The end user is required to purchase user licenses so that more than one person can work in the software at a time. The server computer for Sadek Law Offices was located in the Philadelphia office. This required that the New Jersey office use a third-party computer sharing software to remote into the off-site server and server computer to access Best Case. This caused significant delays and a burden on the server and made it difficult for multiple users to access the software.

3. Sadek Law Offices retained the IT firm of Spilt Media for IT support and management in summer of 2023. The company works closely with Mr. Sadek regarding all firmwide IT issues. On upgrading the firm wide

server to ensure safety of all information and speed of access, it was recommended to Mr. Sadek that he contact Stretto regarding options to ensure ease of access and use. Mr. Sadek contacted Stretto to enquire about possible options that would streamline access to the software at a reasonable price point. He was informed that the company was in the process of launching a fully updated entirely cloud-based version that would hopefully resolve the outstanding issues the firm was having. Unfortunately, based on licensing needs and the volume of filings in multiple States, it was recommended that the firm wait until early Spring/Summer of 2024 to contact the company again once the launch of the updated cloud version of Best Case had been beta tested.

4. Until such time that the move could be made to the cloud-based version, the IT specialist retained by the firm proposed a temporary alternative of moving the software to Google Drive to allow for, what was believed at the time, more stable access to the software. The move to Google Drive was late February 2024.

5. Unfortunately, shortly after the migration of the Best Case to Google Drive, it was discovered that the software was not operating as hoped. While the move did solve the multiple user and server access issues, many other issues were discovered. These include the main menu client list not being accessible; failure of client files to updated for universal access automatically requiring multiple daily "rebuilds" by users to access already created files within Best Case; Means Test calculating and/or income input inconsistencies requiring manual correction; failure of automatic access/download of credit reports through Stretto; full freeze or crash of individual access points during Petition preparation and filing; failure to allow automated ECF payments of filing fees at the time of filing; erroneously filing certain forms in cases filed on an Emergency status and excluding others; and the software freezing or crashing during the automated filing process without notice to the filer if there was a deficiency. The longer the software has operated off of Google Drive, and the more cases filed, the slower the software has worked and the more difficulty attorney's and staff members have had utilizing the program. Often times alerts are received with no information as to the actual deficiency. Please see Exhibit A attached hereto and made a part herein.

6. Attorneys and staff members from both the Pennsylvania and New Jersey locations reached out to both Stretto and Spilt Media on several occasions making them aware of the various issues and requesting assistance on a case-by-case basis. Spilt Media also reached out to Stretto multiple times in attempts to resolve the over-

arching issues affecting the software's performance. Please see Exhibit B attached hereto and made a part herein.

7. In hopes of jump starting the move to the cloud-based version, Mr. Sadek spoke with representatives of Stretto again in May of 2024 regarding upgrading the software to the cloud-based version. At that time he was advised that the update had taken longer than anticipated and was going into effect June of 2024 and would be beta-testing during that month. They asked that he contact them in July to schedule a follow up. A meeting was ultimately scheduled for mid-August 2024.

8. On or about August 15, 2024 a meeting was held with the management and development team of Stretto. Both Mr. Sadek and myself participated in the meeting and discussed the success of the June/July 2024 beta testing and the timing for the move to the cloud based version. Due to the fact that the firm is fully staffed in both New Jersey and Pennsylvania and the significant time the migration of files will take, the move has been scheduled for mid-September 2024. Initial in person training will simultaneously be conducted on Friday, September 13, 2024 with shut down of access at noon on that day. Migration will begin and take approximately 2.5 full calendar days. The cloud-based access will go live on Monday, September 16, 2024 with additional in personal training at both of the firm locations. Please see Exhibit C attached hereto and made a part herein.

9. While attempting to ensure that all automated filings are completed properly, both attorney's and staff make efforts to manually review filings if there is an apparent issue. Often times any missing forms or deficiencies in the filing are not initially detectable or easily resolved by manually filing. On several occasions we learned only of deficiencies from the Court by way of docketed notices. The intent is not to burden the Court but attempts at preventing or detecting filing issues were not always successful.

10. It should be noted that of the 126 plus cases filed since March of 2024, shortly after the software migration to Google Drive, there have been 6 instances where the creditor list was not filed. Prior to this date, there were no client list filing deficiencies. Therefore, it is apparent that the issue is technical and not intentional.

11. Based on the foregoing, I would respectfully request that the Court withdraw the underlying Order to Show Cause. No filing deficiencies have occurred purposefully. Efforts have been and are being made to comply with the Court's filing requirements.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

Date: August 27, 2024                                            /s/ Jeanie D. Wiesner
                                                                                                           Jeanie D. Wiesner, Esq.